UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARYL CHRISTIAN,<br><br>                    Plaintiff,<br><br>     v.<br><br>RENT RECOVERY SOLUTIONS, LLC,<br><br>                    Defendant. | No. C17-866RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES |

      This matter comes before the Court on "Plaintiff's Motion to Strike Affirmative Defenses." Dkt. # 8. Having reviewed the parties' memoranda, the Court DENIES plaintiff's motion.

      Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff asks this Court to strike all eight of defendant's affirmative defenses listed in the Amended Answer. Dkt. # 6 ¶¶ 46-53. Further, plaintiff suggests that this Court should apply the pleading standard of Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Dkt. # 8 at 6 n.3. This Court has previously declined to apply this heightened standard to affirmative defenses. See Palmason v. Weyerhaeuser Co., No. C11-695RSL, 2013 U.S. Dist. LEXIS 13778, at *4 (W.D. Wash. Jan.

31, 2013). Instead, the proper inquiry in considering whether to grant a motion to strike an affirmative defense is whether the plaintiff is provided with fair notice. Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979).

All of the affirmative defenses listed in defendant's Amended Answer provide fair notice to the plaintiff. Paragraphs 46 and 47 generally allege that plaintiff lacks standing. These paragraphs are somewhat redundant, and in fact the defendant concedes that "the two defenses can effectively be treated as one." Dkt. # 11 at 2. However, the Court declines to strike either paragraph, especially as motions to strike are somewhat disfavored. See, e.g., Cortina v. Goya Foods, Inc., 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015). Paragraph 48 posits that plaintiff's claims may be barred by an applicable statute of limitations. Paragraph 49 alleges that plaintiff failed to mitigate damages. Paragraph 50 suggests that if plaintiff was injured, then the injury was caused by a third party. Paragraph 51 offers that defendant's violation of the Fair Debt Collection Practices Act, if it occurred, was the result of a bona fide error. Paragraph 52 suggests that plaintiff's claims may be subject to a binding arbitration agreement. Finally, Paragraph 53 reserves the right to assert additional defenses. Although several of the above-mentioned affirmative defenses are not pleaded with a great degree of specificity, each sufficiently provides plaintiff with fair notice.

For all of the foregoing reasons, plaintiff's motion to strike affirmative defenses, Dkt. # 8, is DENIED.

Dated this 29th day of September, 2017.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE
AFFIRMATIVE DEFENSES                -2-